## Grant *et al.* *versus* White *et al.*

A survey called for a tree "on the bank of the Monongahela river, and thence down said river by the several courses and distances," &c., to the beginning. The distance from the tree to the water was fourteen perches, and the diagram showed the marks as being at some distance from the margin. *Held,* there being no evidence of a contrary intention, the river was the boundary.

November 15th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Washington county:* No. 103, to October and November Term 1869.

This was an action of ejectment, commenced October 9th 1867, by Noah Grant and Eliza Grant against Murray A. White and others, for 20 acres of land, bounded by the Monongahela river on the south, George F. White on the east, &c.

On the trial before Acheson, P. J., the plaintiffs gave in evidence a patent to Noah Grant, dated July 26th 1867, in pursuance of a warrant to him dated January 30th 1865, and survey, for 13 acres 22 perches, dated February 6th 1865. It was admitted that the patent covered the land in dispute, and that the defendants were in possession. The defendants gave in evidence the official survey, May 7th 1799, for John Fenton, in pursuance of a warrant to him dated March 5th 1796, for a tract of land called "Sugar Narrows:" also patent for the tract included in the survey, "beginning at a locust or elm, north 29° east 73 perches," &c., thence by various courses and distances set out in the patent "to a post, south 41° east 37 perches to a sugar tree on the bank of the Monongahela river, and thence down said river by the several courses and distances 169 perches to the beginning, containing 134¼ acres," &c. The defendants own the title of Fenton. The elm and locust, and the sugar trees, were on the bank of the river, and the question was, whether Fenton's survey terminated his title there or whether it extended to the river. The land in the plaintiffs' survey and patent being the land lying between these marks and the low-water line of the Monongahela. A certified copy of the official draft of the survey, given in evidence, showed the marked trees on the bank of the river as described in the patent, and showed also that these trees were at some distance from the river. There was evidence for the plaintiffs in rebuttal that the marks were 14 perches from low-water mark, that the content of the land covered by plaintiffs' patent was 13 acres 21½ perches, and that the land covered by Fenton's survey was 140 acres 73 perches and allowance. There was other evidence showing that the marked trees were about 14 perches from the water of the river.

[Grant *v.* White.]

The court, after referring to the facts, and applying the legal principles, concluded: "We instruct you, that the Fenton survey established the river as the boundary of the defendants' land, and the plaintiffs' action must consequently fail."

The jury found for the defendants. The plaintiffs took a writ of error and assigned the instruction of the court for error.

*W. Montgomery*, for plaintiffs in error.—Where the line was, was a question of fact which should have been submitted to the jury: Bank of Pittsburg *v.* Whitehead, 10 Watts 402: Newbold *v.* Wright, 4 Rawle 195.

*W. McKernan*, for defendants in error.—The description in the Fenton survey and patent as "on the Monongahela river" carried the line to low-water mark: McCullough *v.* Wainwright, 2 Harris 174; Howard *v.* Ingersoll, 13 Howard 381; Cox *v.* Freedly, 9 Casey 128; Child *v.* Starr, 4 Hill, 369; Ball *v.* Slack, 2 Wharton 538; Klingensmith *v.* Ground, 5 Watts 459; Kelly *v.* Graham, 9 Id. 117; Wharton *v.* Garvin, 10 Casey 340.

The opinion of the court was delivered, January 3d 1870, by
AGNEW, J.—The examination of authorities in the opinion just read, in the case of James Wood's Heirs *v.* Adam Appal (ante p. 210), makes this case a very plain one. The return of survey and diagram leave no doubt of the intention of the surveyor to make the *Monongahela river* a boundary of the survey on the south-east side of the tract. The tract is returned as situated *on the Monongahela river*, the diagram represents the *river* as a boundary, and the courses and distances down the river, instead of being laid down along the margin, are set to one side of the diagram and headed "*courses and distances down river.*" The intention to make the river a boundary is too clear to be disputed. There was no evidence whatever to contradict this return. While the corner trees, it is true, as is often the case, stood on the high bank of the river, at some distance from the stream, there was no line from one corner to the other, and no marks on the ground; but the survey is as open on the ground by the river as it is upon the diagram. In short there was nothing but the finding of the corners at the distance of twelve to fifteen perches from the stream to contradict the return, and this alone, as shown by the opinion in Wood *v.* Appal, is insufficient. The survey is returned to, and must go to the river, and no error was committed by the court in so instructing the jury.

Judgment affirmed.